Gregory A. Phillips
Attorney General

John D. Rossetti
Deputy Attorney General

Misha E. Westby, WSB No. 6-2826
Senior Assistant Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, Wyoming 82002
(307) 777-5996
(307) 777-8920 Facsimile
misha.westby@wyo.gov

Attorneys for the Current State Employee Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ROBERT OWEN MARSHALL, III | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-CV-175-S |
| | ) | |
| | ) | |
| WYOMING DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

All named current employees of the Department of Corrections or of the

Parole Board (hereinafter collectively referred to as "State Defendants"), hereby

respond to the allegations in the Complaint as follows:

## INTRODUCTION PARAGRAPH

The introductory paragraph in Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the State Defendants are without sufficient information upon which to form a belief as to the truth of the matters contained in the introductory paragraph, and therefore, deny the same.

## I.     JURISDICTION AND VENUE

The introductory paragraph in Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the State Defendants are without sufficient information upon which to form a belief as to the truth of the matters contained in the introductory paragraph, and therefore, deny the same.

## II.   PARTIES

1.     The State Defendants are without sufficient information upon which to form a belief as to the truth of the matters contained in Paragraph 1, and therefore, deny the same.

### III.   DEFENDANTS

1.[1]     In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, the State Defendants assert that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

2.     Paragraph 2 of Plaintiff's Complaint is not directed at these Defendants and therefore, no response it required.  To the extent a response is required, the State Defendants deny the allegations.

3.     In response to the allegations contained in paragraphs 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 20, 21, 22, 23, 24, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, 45 and 46 of Plaintiff's Complaint, the State Defendants admit that the Defendants named in these paragraphs are and were employed by the Department of Corrections during the time in question and deny all other allegations asserted therein.

4.     In response to the allegations contained in paragraphs 27 and 28 of Plaintiff's Complaint, the State Defendants admit that Dennis Jones, Kristy Brooks

---

[1] The State Defendants will follow the paragraph numbering used by the Plaintiff in some of the sections of the Complaint for clarification although it may result in duplicate numbers although they will be under separate headings.

and Pam Nichols are and were employed by the Department of Corrections during the time in question and deny all other allegations asserted therein and assert that the allegations as they relate to the other named Defendants are not directed at these Defendants and, therefore, require no answer.

5.      In response to the allegations contained in paragraphs 7, 17, 19, 25, 40, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56 and 57 of Plaintiff's Complaint, the State Defendants assert that these allegations are not relevant to these Defendants and, therefore, no response is required.  To the extent a response is required, these allegations are denied.

6.      In response to the allegations contained in paragraphs 58, 59 and 60 of Plaintiff's Complaint, the State Defendants admit that the Defendants named in these paragraphs are and were employed by the Wyoming Board of Parole during the time in question and deny all other allegations asserted therein.

7.      In response to the allegations contained in paragraphs 61 of Plaintiff's Complaint, the State Defendants admit that Antonio Escamilla, Melvin Hamilton and James Wiesbeck are and were employed by the Department of Corrections during the time in question and deny all other allegations asserted therein and

assert that the allegations as they relate to the other named Defendants are not directed at these Defendants and, therefore, require no answer.

## V.   ACTIONS DONE UNDER COLOR OF STATE LAW

In response to the allegations contained in this section, the State Defendants assert that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## VI.   PLAINTIFF'S PREVIOUS LAWSUITS

In response to the allegations contained in this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

## VII.   JOINDER AND TIME LIMITS

In response to the allegations contained in this section, the State Defendants assert that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## VIII.   STATEMENT OF CLAIMS

In response to the allegations contained in this section, the State Defendants assert that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

**A. CLAIMS BROUGHT PURSUANT TO UNITED STATED CONSTITUTION FIRST, EIGHTH, and FOURTEENTH AMENDMENT and 42 U.S.C. § 2000cc et seq., and Wyo. Const. Article 1, § 18; Wyo. Ordinance § 25 Religious Liberty:**

**CLAIM ONE:   Molestation and Discrimination on Account of Plaintiff's Mode of Religious Expression, Conspiracy to Interfere with Civil Rights, Denial of Due Process of LAw and Intentional Infliction of Emotional Distress.**

**SPECIFIC INSTANCES**

1.      In response to the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 8 and13 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

2.      In response to the allegations contained in paragraphs 6, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20 and 21 of this section, the State Defendants deny the allegations contain therein.

**CLAIM TWO:   Molestation and Discrimination on Account of Plaintiff's Mode of Religious Expression, Attempt to Establish a Particular Mode of Religious Expression , Conspiracy to Interfere with Civil Rights and Intentional Infliction of Emotional Distress.**

**SPECIFIC INSTANCES**

1.      In response to the allegations contained in paragraphs 22 of this section, the State Defendants admit that allegations contained therein.

2.     In response to the allegations contained in paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 of this section, the State Defendants deny the allegations contain therein.

## IN GENERAL

1.     In response to the allegations contained in paragraph 37 of this section, the State Defendants assert that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

2.     In response to the allegations contained in paragraphs 38, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 55, 56, 57, 58, 59, 60, 61, 62, 63, 64 and 65 of this section, the State Defendants deny the allegations contained therein

3.     In response to the allegations contained in paragraphs 39 and 40 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

**B.     CLAIMS BROUGHT UNDER UNITED STATES CONSTITUTION FOURTH, EIGHTH, and FOURTEENTH AMENDMENT; 29 U.S.C. § 794(a); 42 U.S.C. § 12132 and applicable state statutes.**

**CLAIM THREE: Excessive Force, Cruel and Unusual Conditional of Confinement and Wrongful Retention of Personal Property.**

## SPECIFIC INSTANCES

1.      In response to the allegations contained in paragraphs 66, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 79, 80, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 and 92 of this section, the State Defendants deny the allegations contain therein.

2.      In response to the allegations contained in paragraphs 73 and 81 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

**CLAIM FOUR:  Unreasonable Search, Denial of Due Process, Denial of Disability Appliances, Discrimination and Cruel and Unusual Conditions of Confinement and Segregated Confinement.**

## SPECIFIC INSTANCES

1.      In response to the allegations contained in paragraphs 93, 94 and 95 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

2.      In response to the allegations contained in paragraphs 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147,

148, 149, 150 and 151 of this section, the State Defendants deny the allegations contain therein.

**B.     CLAIMS BROUGHT UNDER UNITED STATES CONSTITUTION EIGHTH, and FOURTEENTH AMENDMENT; RIGHT TO ADEQUATE MEDICAL CARE AND EQUAL TREATMENT UNDER LAW.**

**CLAIM FIVE:     Deliberate Indifference to Serious Medical Needs.**

### SPECIFIC INSTANCES

1.     In response to the allegations contained in paragraphs 152, 153, 154 and 155 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

2.     In response to the allegations contained in paragraphs 156, 157, 158, 159, 160, 161, 162 and 163 of this section, the State Defendants deny the allegations contain therein.

**CLAIM SIX:     Failure to administer adequate medical remedy.**

1.     In response to the allegations contained in paragraphs 164, 165, 166, 167, 168, 169, 170 and 171 of this section, the State Defendants deny the allegations contain therein.

**CLAIM SEVEN:  Failure to administer adequate medical remedy.**

1.      In response to the allegations contained in paragraphs 172, 173, 174, 175, 176, 177 and 178 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

2.      In response to the allegations contained in paragraphs 179, 180, 181, 182, 183, 184 and 185 of this section, the State Defendants deny the allegations contain therein.

**CLAIM EIGHT:   Failure to administer adequate medical remedy.**

1.      In response to the allegations contained in paragraphs 186, 187, 188, 189, 190, 191, 192, 193 and 194  of this section, the State Defendants deny the allegations contain therein.

**CLAIM NINE:       Failure to administer adequate medical remedy.**

1.      In response to the allegations contained in paragraphs 195, 196, 197, 198 and 199 of this section, the State Defendants deny the allegations contain therein.

**CLAIM TEN:**      **Failure to administer adequate medical remedy.**

1.      In response to the allegations contained in paragraphs 200, 201, 202, 203, 204 and 205 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

2.      In response to the allegations contained in paragraphs 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224 and 225 of this section, the State Defendants deny the allegations contain therein.

**CLAIM ELEVEN:**      **Failure to render adequate medical remedy.**

1.      In response to the allegations contained in paragraphs 226, 227, 228, 229 and 230 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

**CLAIM TWELVE:**      **Failure to administer adequate dental care.**

1.      In response to the allegations contained in paragraphs 231, 232, 233 and 234 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

2.      In response to the allegations contained in paragraphs 235, 236, 237 and 238 of this section, the State Defendants deny the allegations contain therein.

**CLAIM THIRTEEN: <u>Failure to administer adequate medical remedy.</u>**

1.      In response to the allegations contained in paragraphs 239, 241, 242, 243, 244 and 245 of this section, the State Defendants deny the allegations contain therein.

2.      In response to the allegations contained in paragraph 240 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

**CLAIM FOURTEEN: <u>Failure to administer adequate medical remedy.</u>**

1.      In response to the allegations contained in paragraphs 247, 253, 254, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292 and 293 of this section, the State Defendants deny the allegations contain therein.

2.      In response to the allegations contained in paragraph 246, 248, 249, 250, 251, 252 and 255 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

**D.** **CLAIMS BROUGHT UNDER UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT; 42 U.S.C. § 1985; W.S. 6-5-301 CONSPIRACY, PERJURY AND DEFAMATION:**

**CLAIM FIFTEEN: Denial of Equal Justice Under Law, Conspiracy, to Deprive Civil Rights by Perjury Under Oath.**

**SPECIFIC INSTANCES**

1.      In response to the allegations contained in paragraphs 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315 and 316 of this section, the State Defendants deny the allegations contain therein.

**E.** **CLAIMS BROUGHT UNDER UNITED STATES CONSTITUTION FOURTEENTH AND EIGHTH AMENDMENT: DELIBERATE INDIFFERENCE TO THE MANAGEMENT OF INMATE RECORDS**

**CLAIM SIXTEEN:   Failure to Keep Accurate Medical and Institutional Records.**

**SPECIFIC INSTANCES**

1.      In response to the allegations contained in paragraphs 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 333, 334, 335, 336, 337, 338, 339, 340, 341,

342, 343, 344 and 345 of this section, the State Defendants deny the allegations contain therein.

2.     In response to the allegations contained in paragraph 327, 328, 329, 330, 331 and 332 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

**CLAIM SEVENTEEN:  <u>Failure to Keep Accurate Inmate Financial Records.</u>**

<u>**SPECIFIC INSTANCES**</u>

1.     In response to the allegations contained in paragraph 346 and 347 of this section, the State Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

2.     In response to the allegations contained in paragraphs 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360 and 361 of this section, the State Defendants deny the allegations contain therein.

**<u>F.     CLAIMS   BROUGHT   UNDER   THE   AMERICANS   WITH DISABILITIES   ACT   OF   1990,   42   U.S.C.   §§   12101   et   seq., REHABILITATION   ACT   OF   1973,   29   U.S.C.   §   794,   and   U.S. CONSTITUTION EIGHTH AND FOURTEENTH AMENDMENT.</u>**

**CLAIM EIGHTEEN:** <u>Deprivation of Right to Equal Access and Discrimination in Accomodation.</u>

<u>SPECIFIC INSTANCES</u>

1.      In response to the allegations contained in paragraphs 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374 and 375 of this section, the State Defendants deny the allegations contain therein.

**CLAIM NINTEEN:**      <u>Deprivation of Right to Accomodation in Prison Work Assignments.</u>

<u>SPECIFIC INSTANCES</u>

1.      In response to the allegations contained in paragraphs 376, 377, 378, 379, 380, 381, 382 and 383 of this section, the State Defendants deny the allegations contain therein.

**CLAIM TWENTY:**      <u>Deprivation of Right to Equal Access to Programs, Refusal to Accomodate Disabilities.</u>

<u>SPECIFIC INSTANCES</u>

1.      In response to the allegations contained in paragraphs 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402,

403, 404, 405, 406, 407, 408, 409, 410, 411 and 412 of this section, the State

Defendants deny the allegations contain therein.

**CLAIM TWENTY-ONE:      Deprivation of Reasonable Accomodation and Discrimination in Equal Access to Services.**

### SPECIFIC INSTANCES

1.      In response to the allegations contained in paragraphs 413, 414, 415,

416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431,

432, 433, 434 and 435 of this section, the State Defendants deny the allegations

contain therein.

**CLAIM TWENTY-TWO:      Retaliation for Exercising First Amendment Right to Petition the Government for Redress in ADA and Section 504 Grievance.**

### SPECIFIC INSTANCES

1.      In response to the allegations contained in paragraph 436 and 437 of

this section, the State Defendants are without sufficient knowledge to admit or

deny the allegations contained therein, and therefore deny the same.

2.      In response to the allegations contained in paragraphs 438, 439, 440,

441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456,

457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472,

473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543 and 544 of this section, the State Defendants deny the allegations contain therein.

3.      The State Defendants deny all allegations not admitted or not otherwise answered above.

## VII.   CLAIM AND PRAYER FOR RELIEF

1      The State Defendants reassert and reallege all previous paragraphs as if stated fully herein.

2.      In response to the allegations contained in paragraphs 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, 560, 561, 562, 563, 564, 565, 566 and 567 of the Complaint, the State Defendants deny the allegations contained therein and request these provisions be stricken as improper under the rules and seeking relief not available and not allowed under law.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The State Defendants are entitled to Eleventh Amendment Immunity and the Eleventh Amendment bars any claim for monetary damages against them in their official capacities.  *Hartman v. Kickapoo Tribe Gaming Com'n*, 319 F.3d 1230, 1234 (10th Cir. 2003).

3.      As a further and separate defense, the State Defendants allege that all actions taken were absolutely reasonable and proper in light of the applicable standard of care.

4.      As a further and separate defense, the State Defendants allege that they are immune from suit.

5.      As a further and separate defense, the State Defendants allege that they acted in good faith at all times and that all actions are therefore immune from suit.

6.      As a further and separate defense, the State Defendants allege that any acts or omissions on their part were not the proximate cause of the events, injuries and damages described in the Complaint.

7.     As a further and separate defense, the State Defendants allege that the Plaintiff has waived the claims asserted in the Complaint.

8.     As a further and separate defense, the State Defendants allege that the Plaintiff is estopped from asserting the claims alleged in the Complaint or barred by the doctrine of laches.

9.     As a further and separate defense, the State Defendants allege that the Plaintiff has failed to mitigate his alleged damages, if any, as required by law.

10.     As a further and separate defense, the State Defendants allege that the Plaintiff has failed to exhaust administrative remedies and meet other necessary requirements under the Prison Litigation Reform Act.

12.     As a further and separate defense, the State Defendants allege that the Plaintiff has failed to allege valid causes of action and meet the elements of any of the Constitutional Amendments identified and the Complaint should be dismissed with prejudice.

13.     As a further and separate defense, the State Defendants allege that they are entitled to qualified immunity.

14.     As a further and separate defense, the State Defendants assert that they are entitled to judicial or quasi judicial immunity for some of the claims alleged.

15.     As a further and separate defense, the State Defendants assert that the Parole Board Members are entitled to immunity, qualified immunity and statutory immunity from all claims.

16.     As a further and separate defense, the State Defendants assert that the Plaintiff has failed to set forth an adequate basis for a claim under RLUIPA or under the ADA and those claims should be dismissed with prejudice.

17.     As a further and separate defense, the State Defendants assert that the Plaintiff has failed to comply with the exhaustion requirements and conditions precedent of several of the claims.

18.     As a further and separate defense, the Defendants reserve the right to assert additional affirmative defenses to Plaintiff's claims as further investigation and discovery warrant.

WHEREFORE, the State Defendants hereby request the Court dismiss the Plaintiff's Complaint and allow these Defendants any relief or remedy available.

**DATED** this 15th day of February, 2013.

/s/ Misha E. Westby
Misha E. Westby
Senior Assistant Attorney General

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was mailed to the following individual *via* U.S. mail on the 15th day of February, 2013.

Robert O. Marshall
3700 East 18th Street
Casper, Wyoming 82609

I hereby certify that the foregoing was filed using the CM/ECF system and sent to the individual below on the 15th day of February, 2013.

Kathleen B. Dixon
Chapin & Dixon, LLP
kdixon@tribcsp.com

/s/ MaryBeth Jones
Office of the Wyoming Attorney General